Civil Records

**LOUIS J. PERRET**
**Clerk of Court, Lafayette Parish**
**P. O. BOX 2009**
**LAFAYETTE, LA  70502**
**Telephone: (337) 291-6303  Fax: (337) 291-6392**

**STATE OF LOUISIANA**                    **OFFICE OF THE CLERK OF COURT**
**PARISH OF LAFAYETTE**                   **15TH JUDICIAL DISTRICT COURT**

I, Melissa A. Pellerin, Deputy Clerk of Court, in and for the Parish of Lafayette, State of Louisiana, do

hereby certify that the attached documents are true and correct copies from the civil suit entitled:

**ACADIANA OTOLARYNGOLOGY HEAD &**
**NECK SURGERY LLC**

**VS**                                    **DOCKET NUMBER: C-20211237 A**

**TRAVELERS PROPERTY CASUALTY**
**INSURANCE CO**

Consisting of 30 pages, the original of which documents are on file in the Lafayette Parish Clerk of Court

Office.

Lafayette, Louisiana, this APRIL 8, 2021.

Melissa A. Pellerin, Deputy Clerk of Court
Lafayette Parish

EXHIBIT
A

Lafayette Parish
Filed Mar 10, 2021 9:08 AM
Martina Reaux
Deputy Clerk of Court
E-File Received Mar 10, 2021 8:12 AM

C-20211237
A

# LOUISIANA CIVIL CASE REPORTING
## Civil Case Cover Sheet - LA. R.S. 13:4688 and
## Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information shoulder be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

**Acadiana Otolaryngology -**   v.   **Travelers Property Casualty Insurance**
**Head and Neck Surgery, L.L.C.**        **Company**

**Court:** 15th JDC _____   **Docket Number:** __C-20211237__

**Parish of Filing:** Lafayette _____   **Filing Date:** __March 10, 2021__

**Name of Lead Petitioner's Attorney:** _____

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** ___1___   **Number of named defendants:** ___1___

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

| | |
|---|---|
| ____Auto: Personal injury | ____Auto: Property Damage |
| ____Auto: Wrongful Death | ____Auto: Uninsured Motorist |
| ____Asbestos: Property Damage | ____Asbestos: Personal Injury/Death |
| ____Product Liability | ____Premise Liability |
| ____Intentional Bodily Injury | ____Intentional Property Damage |
| ____Business Tort | ____Unfair Business Practice |
| ____Defamation | ____Fraud |
| ____Environmental Tort | ____Professional Negligence |
| ____Intellectual Property | ____Medical Malpractice |
| ____Legal Malpractice | ____Toxic Tort |
| ____Other Professional Malpractice | _X_ Other Tort (described below) |
| ____ Maritime | ____ Redhibition |
| ____Wrongful Death | ____Glass Action (nature of case) |
| ____General Negligence | **Breach of Contract** _____ |

**Please briefly described the nature of the litigation in one sentence of additional detail:**
Breach of Contract _____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of the person completing this form:

Name Douglas A. Lee II _____   Signature _____

Address 114 Representative Row, Lafayette, Louisiana 70508 _____

Phone number: (337) 233-3185 _____   E-mail address: douglas@gaarlaw.com

Lafayette Parish
Filed Mar 10, 2021 9:08 AM
Martina Reaux
Deputy Clerk of Court
E-File Received Mar 10, 2021 8:12 AM

C-20211237
A

ACADIANA OTOLARYNGOLOGY-
HEAD AND NECK SURGERY, L.L.C.

15th JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

VERSUS

STATE OF LOUISIANA

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY

DOCKET NO.   C-20211237

---

### PETITION FOR DECLARATORY JUDGMENT

Plaintiff, **ACADIANA OTOLARYNGOLOGY-HEAD AND NECK SURGERY, L.L.C.** (Plaintiff), for its Complaint against **TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,** ("Defendant"), states and alleges as follows: the Defendant made herein is TRAVELERS, a foreign insurance company authorized and licensed to do business in Lafayette Parish, Louisiana and who may be served through the registered agent for service of process, through the Louisiana Secretary of State, 8585 Archives Ave. Baton Rouge, Louisiana 70809.

### PARTIES

1.

Plaintiff, Acadiana Otolaryngology-Head and Neck Surgery, L.L.C., is a Louisiana limited liability company located in Lafayette, Louisiana. Defendant, Travelers is an insurance company with an address of One Town Square, Hartford, Connecticut 06183.

### JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to Louisiana Civil Code of Procedure article 76 as the cause of action arises out of a denial of coverage under an insurance policy, and both the loss occurred in and the insured is domiciled in Lafayette Parish, Louisiana.

### NATURE OF ACTION

3.

According to information published by the Insurance Information Institute, the U.S. insurance industry collected net premiums of $1.22 trillion in 2018. Premiums recorded by property/casualty insurers accounted for 51% of that amount. Between 2014 and 2018, these insurers wrote net premiums each year of between $497 billion to $612.6 billion but only incurred losses of between $277.7 billion and $360.9 billion.

4.

The Plaintiff is an Otolaryngology group located in the State of Louisiana. The location for Acadiana Otolaryngology-Head and Neck Surgery, L.L.C. includes offices and clinics located at 1039 Camelia Boulevard, Lafayette, Louisiana 70508, 1103 Kaliste Saloom Road, Lafayette, Louisiana 70508, 225 Bendel Road, Lafayette, Louisiana 70503 and 4212 West Congress, Lafayette Louisiana 70506. Plaintiff, due to the mandatory orders put into place by Governor John Bell Edwards, was not allowed to perform routine services such as and not limited to head and neck surgeries, head and neck exams, ear and throat consultations and routine check ups. The services mentioned comprise majority of the Plaintiff's main practice. As a result of not being able to perform these services the plaintiff lost out on countless opportunities to make a profit for those months.

5.

Plaintiff purchased an all-risk commercial property insurance policy from Defendant to protect the Plaintiffs business in the event of property loss and business interruption. COVID-19 and the resulting response by state and local governments has caused the physical loss of Plaintiff's property and has interrupted Plaintiff's businesses. Yet, Defendant has refused to honor its promise to provide the protection that the Plaintiff purchased. The Plaintiff in this case is not unique. The insurance industry appears to be taking a uniform approach to the current pandemic, which is to deny coverage even when the policy they drafted and offered to the insured, and the policy paid for by the insured, does not contain an exclusion for pandemic-related losses. Plaintiff's policy with Defendant does not contain virus or pandemic exclusions and exemplifies the broken promises from insurance companies across the country. As a result of COVID-19 Plaintiff has been forced to greatly reduce operations and as a result has suffered immense loss in his finances.

6.

The novel coronavirus - named "severe acute respiratory syndrome coronavirus 2" or "SARS-CoV2" - has spread widely and rapidly across the United States. The illness related to SARS-CoV-2 is "novel coronavirus disease 2019," commonly abbreviated to "COVID-19." Although the virus and related illness are distinct, for purposes of this Complaint, Plaintiff refers to both interchangeably as "COVID-19."

7.

According to the World Health Organization (WHO), over 1.1 million people throughout the entire world have died of COVID-19 as of the date of this filing and over 39 million cases have been reported. More than 217 thousand Americans have died because of COVID-19 and over 8 million more have been infected in the United States. Further, in Louisiana there have been over 180,000 cases and over 5,000 deaths.  A growing body of evidence suggests that the virus transmits both through droplets, when someone sneezes and coughs, and aerosols, which are produced by normal breathing.

8.

The state and local directives typically require businesses deemed "non-essential" to be closed and in-person work is not permitted. But even businesses classified as "essential" have been severely impacted by the pandemic. For example, "essential" businesses have had to increase the frequency of cleaning, reduce hours, install new protective barriers between employee and customer, provide personal protective equipment to its workforce and prohibit customers from entering their facilities. But even with those precautions, many such business have had great difficulty retaining employees who fear becoming infected at work.

9.

Plaintiff's practice is located in the parish of Lafayette, Louisiana. Louisiana has issued stay-at-home orders for the entire state through order Proclamation Number 25 JBE 2020 on March 11, 2020 and continued until orders were ended on June 4, 2020 when Louisiana entered into phase 2. However, Phase 2 was not a complete reopening and limitations still existed on what business could reopen and what restrictions were in place.  The Plaintiff began limiting their services to emergency care only,  starting on or about March 11, 2020 and has remained at that limited operational capacity through June, 2020 in accordance with the Governor's  Proclamation Number 25 JBE 2020 and the guidance from the CDC. This has had a devastating effect on the Plaintiff's business.  Even though Plaintiff has been allowed to open their business again, the effects from  Proclamation Number 25 JBE 2020 are still being felt by not only the Plaintiff in this case but throughout Louisiana.

10.

Based on the Executive Orders placed into effect by Governor John Bell Edwards the plaintiff could not legally or ethically allow patients or staff members into their practice. The Local News stations even reported that District attorneys in Louisiana were warning and advising residents

in Louisiana that violating the Executive order from Governor John Bell Edwards could result in arrest or fines[1]. The threat of fines and arrest are enough to show that access to the plaintiffs office was prohibited except for medical emergencies. This type of closure and denial of access was exactly what the Plaintiff purchased business income and extra expense to protect against.

11.

The Plaintiff, like countless other businesses, prepared in anticipation for an unexpected event like the COVID-19 pandemic by purchasing "all risk" property insurance from Defendant, that did not exclude pandemic coverage.

### A. COVERAGE:

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.

### 3. Covered Causes of Loss

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

    a. Limited in Paragraph A.5, Limitations; or

    b. Excluded in Paragraph B., Exclusions;

12.

The Policy purchased by the Plaintiff was supposed to cover all "risks of direct physical loss" unless the loss was explicitly excluded.

13.

As set forth below, the Policy also provides coverage for:

**Business Income**

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

---

[1]https://www.ktbs.com/news/violators-of-governors-orders-face-arrest-fines/article_59a5148e-68
7d-11ea-a152-d712afb0975b.html

**Extra Expense**

We will pay Extra Expense (other than the expense to repair or replace property) to:

**(A)** Avoid or minimize the "suspension" of business and to continue operations at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement location or temporary location.

**(B)** Minimize the "suspension" of business if you cannot continue "operations". We will also pay Extra Expense to repair or replace property, but only to the extent it reduces the amount of loss that otherwise would have been payable under this Coverage Form

**Civil Authority**

**(1)** When th Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premisses. The Civil Authority Action must be due to the direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss.

14.

On or about April 23, 2020 and May 6, 2020, in response to Plaintiff's notices of claim, Defendant denied coverage and refused to cover Plaintiff's "business loss and extra expense" losses.

15.

Defendant's denial has caused material harm to Plaintiff by refusing coverage under the Policy.

16.

Plaintiff seeks to recover compensatory damages for breach of contract, as well as declaratory and injunctive relief.

## **FACTUAL BACKGROUND**

17.

On March 11, 2020, Governor of Louisiana, John Bell Edwards instituted an Executive Order, Proclamation Number 25 JBE 2020, which called for the shutdown of all non essential businesses. The Governors proclamation was extended multiple times until May of 2020 and eventually into June of 2020.

18.

As of May 11, 2020, at least 42 states and countless local governments have issued substantially similar directives. The purpose of these orders were to mitigate and slow the spread of COVID-19 regardless of whether the virus was present or not at any of the businesses affected facilities.

19.

In order to protect itself against risks like the Proclamation Number 25 JBE 2020 , Plaintiff purchased an "all risk" Policy from the Defendant. The Policy was in effect at the time of the issuance of Proclamation Number 25 JBE 2020 and remains in effect today. Plaintiff paid all premiums required by the Policy.

20.

Plaintiff is the Named Insured under their respective Policy.

21.

Defendant is the effective and liable insurer of the aforementioned Policy.

22.

Generally, under property insurance policies, similar to the one issued by the Defendant to Plaintiff, the insuring agreements provides coverage for all risks of physical loss or damage to property, unless specifically excluded.

23.

The Policy is an "all-risk" policy. The Policy covers all "risks of direct physical loss unless the loss" unless it is excluded or otherwise limited.

**A. COVERAGE:**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.

**3. Covered Causes of Loss**

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

    a. Limited in Paragraph A.5, Limitations; or

    b. Excluded in Paragraph B., Exclusions.

24.

Defendant is obligated to pay for actual loss of "Business Income" sustained due to direct "physical loss of or physical damage" to the Plaintiff's facility. Plaintiff has suffered lost business income because it has reduced the operations of its business due to Proclamation Number 25 JBE 2020 and the subsequent executive orders issued by the Governor of Louisiana.

**Business Income**

We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

25.

Defendant is also obligated to pay for "Extra Expense". Extra Expenses are costs that you reasonably incur during the restoration period. Plaintiff has suffered Extra Expenses because of Proclamation Number 25 JBE 2020 in which Plaintiff's facility had to restrict access as a result and in response:

**Extra Expense**

We will pay Extra Expense (other than the expense to repair or replace property) to:

**(A)** Avoid or minimize the "suspension" of business and to continue operations at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement location or temporary location.

**(B)** Minimize the "suspension" of business if you cannot continue "operations". We will also pay Extra Expense to repair or replace property, but only to the extent it reduces the amount of loss that otherwise would have been payable under this Coverage Form.

26.

Defendant is also obligated to pay for "Extra Expense". Extra Expenses are costs that you reasonably incur during the restoration period. Plaintiff has suffered Extra Expenses because of Proclamation Number 25 JBE 2020 in which Plaintiff's facility had to restrict access as a result and in response:

**Civil Authority**

(1) When th Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises. The Civil Authority Action must be due to the direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss.

27.

The Governor's issuance of Proclamation Number 25 JBE 2020 triggered these provisions in the Policy provided by the Defendant. Specifically, Plaintiffs' full operations have been largely suspended, and has lost revenue and business opportunities.

28.

Plaintiff submitted claims to Defendant for coverage under the Policy, but Defendant has denied Plaintiffs' claims. Defendant asserts that no "direct physical loss" occurred to the insured property nor did Proclamation Number 25 JBE 2020 cause a loss that is covered under the Plaintiff's policy. However, when a term in an insurance policy is ambiguous or has more than one meaning in Louisiana that term is construed in favor of the insured not the insurer. In the matter at hand, the term "direct physical loss of" is ambiguous as it is not defined in the policy and the use of the word "of" allows for one to interpret the policy as the loss of the ability to use the insured property for the intended use or purpose. Further, Defendants use of the word "or" allows for the interpretation that the Defendant is making a distinction between "direct physical loss of" and "damage". Meaning that a claim for either is covered.  Defendant could have modified the Plaintiff's policy before execution and simply replaced the word "of" with the word "to" and the word "or" with the conjunction "and".The defendant did not do this but instead continued using the word "of" and "or" creating ambiguity and the belief that if the Plaintiff lost the ability to use or access their facility for its desired purpose, the Plaintiff would be covered under the terms of the policy. The terms of the policy were not negotiated by the plaintiff but instead was generated by the defendant and the subsequent endorsements were additional coverage not included in the defendants standard policy. The policy states that coverage will apply when a "direct physical loss of" the insured property occurs. The

plaintiff in this situation was prohibited from the use of their business except for essential procedures, which is a "direct physical loss of" the insured property.

29.

Insurance companies, like the defendant, often argue that the terms "loss" and "damage" are the same and that could be used interchangeable to try and negate the use of the word "or". The terms 'loss' or 'damage,' as used in insurance policies, are not necessarily synonymous. A 'loss' under the property coverage of a homeowners' policy is incurred by an insured and typically, but not always, follows 'damage' to the insured property. Physical damage is only one cause of 'physical loss' of property; for example, a person can suffer the physical loss of property through theft, without any actual physical damage to the property. *Mangerchine v. Reaves*, 2010 1052 (La.App. 1 Cir. 03/25/11), 63 So. 3d 1049, 1056, 2011 La. App. LEXIS 354,(*emphasis added, internal citations omitted*). As stated in Mangerchine v. Reaves, loss and damage do not necessarily mean the same as one can suffer a loss without damage. The plaintiff in this case suffered loss of revenue and loss of access to his building which is covered under the policy he bought from the defendant and which the policy itself was drafted by the defendant using the defendant's own terms.

30.

This particular case is not uncommon to the Louisiana Court systems and Court systems throughout the nation as hundreds of cases have been filed against insurance agencies in exactly the same scenarios as in this case. This is an issue that will continue to arise as the insurance agencies continue to issue blanket denials with boilerplate reasons listed.

## COUNT I:
## DECLARATORY AND INJUNCTIVE RELIEF - BUSINESS INCOME

31.

The preceding paragraphs are incorporated by reference as if fully alleged herein.

32.

Louisiana Code of Civil Procedure Articles 1871, et seq, entitles this Court to declare the rights and other legal relations of the parties to this dispute.

33.

An actual controversy has arisen and now exists between the Plaintiff, on the one hand, and Defendant, on the other hand, concerning the respective rights and duties of the parties under the Policy. The Plaintiff requested coverage related losses they sustained because of  Proclamation

Number 25 JBE 2020. Specifically, the Plaintiff is a asserting a claim through the policy provided by the Defendant which contains recovery options through Business Income Loss and Extra Expenses provisions. The Defendant was sent a letter asserting a claim through its registered agent. Defendant responded with a letter denying coverage. Moreover, upon information and belief, Defendant has refused other similar claims, claiming that these types of claims for Business Income are not covered by this Policy.

34.

Plaintiff contends that Defendant has breached the Policy in the following respects:

    a. Plaintiff has Suffered Losses covered by the Business Income coverage.

    b. Defendant is obligated to pay Plaintiff for those losses.

    c. Defendant has failed to pay Plaintiff for those losses.

35.

Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and request the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the policy so that future controversies may be avoided.

36.

Pursuant to a declaration of the parties' respective rights and duties under the policy, Plaintiff further seeks an injunction enjoining Defendant:

    (1) from continuing to engage in conduct in breach of the Policy in regards to coverage decisions under the Business Income Coverage Extension; and

    (2) ordering Defendant to comply with the terms of the Policy in regards to coverage decisions.

## COUNT II:
## BREACH OF CONTRACT - BUSINESS INCOME

37.

The preceding paragraphs are incorporated by reference as if fully alleged herein.

38.

Plaintiff purchased property coverage policy from Defendant.

39.

The Policy is valid and an enforceable contract between the Defendant and Plaintiff.

40.

Louisiana Code of Civil Procedure Articles 1871, et seq, entitles this Court to declare the rights and other legal relations of the parties to this dispute.

41.

Plaintiff has sustained a loss under the Business Income coverage  in the Policy arising from the implementation of Proclamation Number 25 JBE 2020 .

42.

Defendant has not agreed to pay the claim for Business Income or requested a proof of loss and has denied coverage.

43.

Defendant has denied claims for Business Income related to executive orders issued by the governor of Louisiana , which is in breach of the policy.

44.

As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages in an amount to be determined at trial.

<u>**COUNT III:**</u>
<u>**DECLARATORY AND INJUNCTIVE RELIEF - EXTRA EXPENSE**</u>

45.

The preceding paragraphs are incorporated by reference as if fully alleged herein.

46.

Louisiana Code of Civil Procedure Articles 1871, et seq, entitles this Court to declare the rights and other legal relations of the parties to this dispute.

47.

An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant, on the other hand, concerning the respective rights and duties of the parties under the Policy.

48.

Plaintiff contends that Defendant has breached the Policy in the following respects:

a. Plaintiff has suffered losses covered by the Extra Expense coverage in the Policy.

b. Defendant is obligated to pay Plaintiff for those losses.

c. Defendant has failed to pay Plaintiff for those losses.

49.

Plaintiff has sustained a loss under the Extra Expense coverage in the Policy arising from Executive Orders issued by the Governor of Louisiana.

50.

Pursuant to a declaration of the parties' respective rights and duties under the policy, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy in regards to coverage decisions under the Extra Expense coverage in the Policy; and (2) ordering Defendant to comply with the terms of the Policy in regards to coverage decisions..

## COUNT IV:
## BREACH OF CONTRACT - EXTRA EXPENSE

51.

The preceding paragraphs are incorporated by reference as if fully alleged herein.

52.

Louisiana Code of Civil Procedure Articles 1871, et seq, entitles this Court to declare the rights and other legal relations of the parties to this dispute.

53.

The Policy is valid and an enforceable contract between the Defendant and Plaintiff.

54.

Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the policy so that future controversies may be avoided.

55.

Plaintiff has sustained a loss under the Extra Expense coverage in the Policy arising from Proclamation Number 25 JBE 2020.Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the policy so that future controversies may be avoided.

56.

Defendant has not agreed to pay the claim for Extra Expense coverage or requested a proof of loss.

57.

Defendant has denied claims for recovery under the Extra Expense coverage in the Policy related to the Proclamation Number 25 JBE 2020 on a uniform basis, in breach of the Policy.

58.

As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT V:
## DECLARATORY AND INJUNCTIVE RELIEF - CIVIL AUTHORITY

59.

The preceding paragraphs are incorporated by reference as if fully alleged herein.

60.

Louisiana Code of Civil Procedure Articles 1871, et seq, entitles this Court to declare the rights and other legal relations of the parties to this dispute.

61.

Plaintiff contends that Defendant has breached the Policy in the following respects:

a.  Plaintiff has suffered losses covered by the Civil Authority coverage in the policy.

b.  Defendant is obligated to pay Plaintiff for those losses.

c.  Defendant has failed to pay Plaintiff for those losses.

62.

Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the policy so that future controversies may be avoided.

63.

Pursuant to a declaration of the parties' respective rights and duties under the policy, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy in regards to coverage decisions under the Civil Authority coverage in the Policy; and (2) ordering Defendant to comply with the terms of the Policy in regards to coverage decisions.

## COUNT VI:
## BREACH OF CONTRACT - CIVIL AUTHORITY

64.

The preceding paragraphs are incorporated by reference as if fully alleged herein.

65.

Louisiana Code of Civil Procedure Articles 1871, et seq, entitles this Court to declare the rights and other legal relations of the parties to this dispute.

66.

The Policy is valid and an enforceable contract between the Defendant and Plaintiff.

67.

Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the policy so that future controversies may be avoided.

68.

Plaintiff has sustained a loss under the Civil Authority coverage in the Policy arising from Proclamation Number 25 JBE 2020.

69.

Defendant has not agreed to pay the claim for Civil Authority or requested a proof of loss.

70.

Defendant has denied claims for recovery under the Civil Authority coverage in the Policy related to Proclamation Number 25 JBE 2020 on a uniform basis, in breach of the Policy.

71.

As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief and judgment against Defendant as follows:

a.  For a judgment against Defendant for the causes of action alleged against it;

b.  For compensatory damages in an amount to be proven at trial;

c.  For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy;

d.  For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policy;

e.  For pre-judgment and post-judgment interest at the maximum rate permitted by law;

f.  For Plaintiff' attorney's fees;

g.  For Plaintiff' costs incurred; and

h.     For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted:

BY: _____

JOSEPH F. GAAR, JR. (#16927)
JASON M. WELBORN (#26548)
LUCAS S. COLLIGAN (#31671)
JACOB H. HARGETT (#32490)
DOUGLAS A. LEE II (#34637)
114 Representative Row
Lafayette, Louisiana 70508
Telephone: (337) 233-3185
Facsimile:  (337) 233-0690
**ATTORNEYS FOR PLAINTIFF,
ACADIANA OTOLARYNGOLOGY-
HEAD AND NECK SURGERY, L.L.C.**

**PLEASE SERVE:**

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY**
Through its registered agent:
Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Lafayette Parish
Filed Mar 10, 2021 9:08 AM
Martina Reaux
Deputy Clerk of Court
E-File Received Mar 10, 2021 8:12 AM

C-20211237
A

| | |
|---|---|
| ACADIANA OTOLARYNGOLOGY-<br>HEAD AND NECK SURGERY, L.L.C. | 15th JUDICIAL DISTRICT COURT |
| | PARISH OF LAFAYETTE |
| VERSUS | STATE OF LOUISIANA |
| TRAVELERS PROPERTY CASUALTY<br>INSURANCE COMPANY | DOCKET NO.   C-20211237 |

## REQUEST FOR NOTICE

TO:   Clerk of Court
      Parish of Lafayette
      P.O. Box 2009
      Lafayette, Louisiana  70502-2009

**NOW INTO COURT**, through undersigned counsel, come Plaintiff, **ACADIANA OTOLARYNGOLOGY-HEAD AND NECK SURGERY, L.L.C.**, who requests, in accordance with the Louisiana Code of Civil Procedure, they be given written notice by mail, ten (10) days in advance of the date fixed for trial or any hearing of the above-captioned case, whether on Exceptions, Motions, Rules or the Merits.   Plaintiff also requests immediate notice of any and all Orders or Judgments, whether interlocutory or final, made or rendered in their case upon rendition thereof, as provided for by the Louisiana Code of Civil Procedure, including Notice of Judgment in the event that this case is taken under advisement, or if the Judgment is not signed at the conclusion of the trial.

Respectfully submitted:

BY: _____

JOSEPH F. GAAR, JR. (#16927)
JASON M. WELBORN (#26548)
LUCAS S. COLLIGAN (#31671)
JACOB H. HARGETT (#32490)
DOUGLAS A. LEE II (#34637)
114 Representative Row
Lafayette, Louisiana 70508
Telephone: (337) 233-3185
Facsimile:  (337) 233-0690
**ATTORNEYS FOR PLAINTIFF,
ACADIANA OTOLARYNGOLOGY-
HEAD AND NECK SURGERY, L.L.C.**

MAR-25-2021 THU 02:23 PM                    FAX NO.                    Mar 25 2021 02:06pm    P001
                                                                                    P. 01

Lafayette Parish       C-20211237
Filed Mar 25, 2021          A
Jamie Trahan
Deputy Clerk of Court

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
(A LAW CORPORATION)
601 POYDRAS STREET | SUITE 2775 | NEW ORLEANS, LA 70130
TELEPHONE: 504.568.1990 | FACSIMILE: 504.310.9195

SETH A. SCHMECKLE                                                        E-Mail: sschmeeckle@lawla.com
*Admitted in Louisiana and Texas*

March 25, 2021

*Via Facsimile: (337)291-6480*
Clerk of Court
Lafayette Parish
800 S. Buchanan Street
Lafayette, Louisiana 70501

      Re:    *Acadiana Otolaryngology – Head and Neck Surgery, LLC. v. Travelers*
               *Property Casualty Insurance Company*
               **15th JDC - Parish of Lafayette - C. A. No. 20211237 – Div. C**
               **Our Matter No.: 21043-210246**

Dear Sir or Madam:

      Please fax-file the attached Unopposed Motion and Order for Extension of Time into the record on behalf of Travelers Property Casualty Insurance Company in connection with the captioned matter. Please provide a confirmation of this filing with a statement for the amount owed for same. The original along with two copies will be forwarded along with our firm's check for the proper amount will be forwarded via U.S. Mail.

      By copy of this letter, I am forwarding a copy of same to all known counsel of record.

      Thank you for your assistance and if you have any questions, please call me at the number above.

      With best regards, I am

                        Sincerely,

                        Seth A. Schmeeckle

SAS/msb
Attachments
Joseph F. Gaar, Jr. (Via Facsimile: (337)233-0690, w/ Attachment)

MAR-25-2021 THU 02:24 PM          FAX NO.          Mar 25 2021 02:06pm      P002
                                                                        P. 02
Lafayette Parish      C-20211237
Filed Mar 26, 2021        A
Jamie Trahan
Deputy Clerk of Court

**15ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

**NO.: 20211237**                                    **DIVISION "C"**

**ACADIANA OTOLARYNGOLOGY, HEAD AND NECK SURGERY, LLC**

**VERSUS**

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY**

**FILED:** _____          _____
                                              **DEPUTY CLERK**

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

NOW INTO COURT comes Travelers Property Casualty Insurance Company ("Travelers"), which respectfully moves this Honorable Court for an extension of 30 days, until April 22, 2021, to respond to the Petition for Declaratory Judgment filed by Acadiana Otolaryngology, Head and Neck Surgery, LLC. This is the first extension requested and undersigned counsel certifies that he contacted opposing counsel and that opposing counsel has no opposition to the Motion.

Respectfully Submitted:

*[signature: Seth A. Johnecke]*

_____
Seth A. Schmeeckle, La. Bar No. 27076
Nicole M. Babb, La. Bar No.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990/Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
        nbabb@lawla.com
Counsel for Travelers Property Casualty Insurance Company

**15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

NO.: 20211237                                      DIVISION "C"

**ACADIANA OTOLARYNGOLOGY, HEAD AND NECK SURGERY, LLC**

**VERSUS**

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY**

FILED: _____          _____
                                         **DEPUTY CLERK**

**ORDER**

Considering the foregoing Unopposed Motion for Extension of Time filed by Travelers Property Casualty Insurance Company ("Travelers");

IT IS ORDERED that Travelers Motion for Extension of Time is GRANTED, and that Travelers be and hereby is granted an additional 30 days, through April 22, 2021, to file responsive pleadings to the Petition for Declaratory Judgment filed by Acadiana Otolaryngology, Head and Neck Surgery, LLC.

Lafayette, Louisiana, this ____ day of March, 2021.

_____
**JUDGE**

3

MAR-25-2021 THU 02:24 PM                    FAX NO.                    Mar 25 2021 02:06pm        P003
                                                                            P. 03

Lafayette Parish     C-20211237
Filed Mar 25, 2021        A
   Jamie Trahan
Deputy Clerk of Court

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2021, a copy of Travelers Unopposed

Motion for Extension of Time has been served upon all counsel to this action by facsimile.

_____
            Seth A. Schmeeckle

Received:4                                    Mar 25 2021 01:56pm    P001
Marsha Spadoni-Banks Lugenbuhl1Fax4          (1/4) 03/25/2021 02:55:35 PM -0500

```
Lafayette Parish       C-20211237
Filed Mar 25, 2021          A
Jamie Trahan
Deputy Clerk of Court
```

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

(A LAW CORPORATION)

601 POYDRAS STREET | SUITE 2775  NEW ORLEANS, LA 70130

TELEPHONE: 504.568.1990  FACSIMILE: 504.310.9195

SETH A. SCHMEECKLE                                    E-Mail: sschmeeckle@lawla.com
*Admitted in Louisiana and Texas*

March 25, 2021

**Via Facsimile: (337)291-6480**
Clerk of Court
Lafayette Parish
800 S. Buchanan Street
Lafayette, Louisiana 70501

Re:  *Acadiana Otolaryngology – Head and Neck Surgery, LLC v Travelers Property Casualty Insurance Company*
**15th JDC - Parish of Lafayette - C. A. No. 20211237 – Div. C**
**Our Matter No.: 21043-210246**

Dear Sir or Madam:

Please fax-file the attached Unopposed Motion and Order for Extension of Time into the record on behalf of Travelers Property Casualty Insurance Company in connection with the captioned matter. Please provide a confirmation of this filing with a statement for the amount owed for same. The original along with two copies will be forwarded along with our firm's check for the proper amount will be forwarded via U.S. Mail.

By copy of this letter, I am forwarding a copy of same to all known counsel of record.

Thank you for your assistance and if you have any questions, please call me at the number above.

With best regards, I am

Sincerely,

*Seth A Schmeeckle*

Seth A. Schmeeckle

SAS/msb
Attachments
Joseph F. Gaar, Jr. (Via Facsimile:  (337)233-0690, w/ Attachment)

✳ *INComplete* ✳
(Blank PAGES)

Received:4                                    Mar 25 2021 02:02pm        P001
Marsha Spadoni-Banks Lugenbuhl Fax4            (1/4) 03/25/2021 03:01:33 PM -0500



# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
(A LAW CORPORATION)
601 POYDRAS STREET | SUITE 2775  NEW ORLEANS, LA 70130
TELEPHONE: 504.568.1990  FACSIMILE: 504.310.9195

SETH A. SCHMEECKLE                                              E-Mail  sschmeeckle@lawla.com
Admitted in Louisiana and Texas

March 25, 2021

**_Via Facsimile: (337)291-6480_**
Clerk of Court
Lafayette Parish
800 S. Buchanan Street
Lafayette, Louisiana 70501

> **Re:**   **_Acadiana Otolaryngology – Head and Neck Surgery, LLC. v. Travelers_**
> **_Property Casualty Insurance Company_**
> **15th JDC - Parish of Lafayette - C. A. No. 20211237 – Div. C**
> **Our Matter No.: 21043-210246**

Dear Sir or Madam:

Please fax-file the attached Unopposed Motion and Order for Extension of Time into the record on behalf of Travelers Property Casualty Insurance Company in connection with the captioned matter. Please provide a confirmation of this filing with a statement for the amount owed for same. The original along with two copies will be forwarded along with our firm's check for the proper amount will be forwarded via U.S. Mail.

By copy of this letter, I am forwarding a copy of same to all known counsel of record.

Thank you for your assistance and if you have any questions, please call me at the number above.

With best regards, I am

Sincerely,

Seth A. Schmeeckle

SAS/msb
Attachments
Joseph F. Gaar, Jr. (Via Facsimile: (337)233-0690, w/ Attachment)

Lafayette Parish
Filed Mar 26, 2021
Jamie Trahan
Deputy Clerk of Court

C-20211237
A

* * Transmit Confirmation Report * *

P1

Mar 26 2021 09:48am

Sender:GUEST
TTI1:                    TTI Number:

| Destination | Type | Mode | Start Time | Time | Page Note | Result | Details |
|---|---|---|---|---|---|---|---|
| 915043109195 | FAX | Fine | 03/26 09:47am | 01'09" | 1 | O K | |



## Louis J. Perret
Clerk of Court
15th Judicial District
Parish of Lafayette

P.O. Box 2009
Lafayette, LA 70502
Telephone: (337) 291-6400
Fax: (337) 291-6480
www.lpclerk.com

### FAX RECEIPT

**FROM: CIVIL DEPARTMENT**

**Date: MARCH 26, 2021**

**To: SETH A SCHMEECKLE**

**Suit No.: DOCKET NUMBER: C-20211237**

**FAX NUMBER: (504) 310-9195**

**Section: A**

**ACADIANA OTOLARYNGOLOGY HEAD & NECK SURGERY LLC VS TRAVELERS PROPERTY CASUALTY INSURANCE CO**

**Total Amount Due (includes all applicable fees below) $68.00**

| | |
|---|---|
| 616-COVER LETTER | 1 PAGE |
| 303-M&O - EXTENSION OF TIME | 2 PAGES |
| 27-CERTIFICATE OF SERVICE | 1 PAGE |
| 589-FAX - DUPLICATE | 2 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 3/25/2021, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES AND ORIGINAL(S) ARE RECEIVED IN THIS OFFICE.**

**WHEN MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
*Louis J. Perret, Clerk of Court*

Suit Accounting Dept  Form 46 Rev. 08/26/14

**\*\*Please note that this amount does not reflect any money that you have on deposit in this matter. It is strictly the amount that is needed to file the above faxed pleadings.**

**\*\*THE ABOVE DOES NOT APPLY IF YOU ARE PAUPER OR PUBLIC BODY\*\***

## CIVIL E-FILING IS AVAILABLE.
### VISIT WWW.CLERKCONNECT.COM OR
### WWW.LPCLERK.COM FOR ACCESS TO THE LINK.



Lafayette Parish
Filed Mar 30, 2021 9:21 AM
Morgan Foreman
Deputy Clerk of Court
FAX Received Mar 25, 2021

C-20211237
A

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
(A LAW CORPORATION)
601 POYDRAS STREET | SUITE 2775 | NEW ORLEANS, LA 70130
TELEPHONE: 504.568.1990 | FACSIMILE: 504.310.9195

SETH A. SCHMEECKLE
*Admitted in Louisiana and Texas*

E-Mail: sschmeeckle@lawla.com

March 25, 2021

*Via Facsimile:  (337)291-6480*
Clerk of Court
Lafayette Parish
800 S. Buchanan Street
Lafayette, Louisiana 70501

Re:    ***Acadiana Otolaryngology – Head and Neck Surgery, LLC. v. Travelers***
       ***Property Casualty Insurance Company***
       **15th JDC - Parish of Lafayette - C. A. No. 20211237 – Div. C**
       **Our Matter No.: 21043-210246**

Dear Sir or Madam:

    Please fax-file the attached Unopposed Motion and Order for Extension of Time into the record on behalf of Travelers Property Casualty Insurance Company in connection with the captioned matter.  Please provide a confirmation of this filing with a statement for the amount owed for same.  The original along with two copies will be forwarded along with our firm's check for the proper amount will be forwarded via U.S. Mail.

    By copy of this letter, I am forwarding a copy of same to all known counsel of record.

    Thank you for your assistance and if you have any questions, please call me at the number above.

    With best regards, I am

                      Sincerely,

                      Seth A. Schmeeckle

SAS/msb
Attachments
Joseph F. Gaar, Jr. (Via Facsimile:  (337)233-0690, w/ Attachment)

**NO TRIAL DATE SET**

Mar 26 2021 09:47am    P001/001



**Louis J. Perret**
·Clerk of Court
15ᵗʰ Judicial District
Parish of Lafayette·

P.O. Box 2009
Lafayette, LA 70502
Telephone: (337) 391-6400
Fax: (337) 291-6480
www.lpclerk.com

**FAX RECEIPT**

FROM: CIVIL DEPARTMENT                                Date: MARCH 26, 2021

To: SETH A SCHMEECKLE                          Suit No.: DOCKET NUMBER: C-20211237

FAX NUMBER: (504) 310-9195                                        Section: A

**ACADIANA OTOLARYNGOLOGY HEAD & NECK SURGERY LLC VS TRAVELERS PROPERTY CASUALTY INSURANCE CO**

Total Amount Due (Includes all applicable fees below) $68.00

| | |
|---|---|
| 616-COVER LETTER | 1 PAGE |
| 303-M&O - EXTENSION OF TIME | 2 PAGES |
| 27-CERTIFICATE OF SERVICE | 1 PAGE |
| 589-FAX - DUPLICATE | 2 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 3/25/2021, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES AND ORIGINAL(S) ARE RECEIVED IN THIS OFFICE.

WHEN MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Deputy Clerk of Court for*
*Louis J. Perret, Clerk of Court*

3th Accounting Dept. Form 44 Rev. 08/26/14

**Please note that this amount does not reflect any money that you have on deposit in this matter. It is strictly the amount that is needed to file the above faxed pleadings.

**THE ABOVE DOES NOT APPLY IF YOU ARE PAUPER OR PUBLIC BODY**

# CIVIL E-FILING IS AVAILABLE.
## VISIT WWW.CLERKCONNECT.COM OR
## WWW.LPCLERK.COM FOR ACCESS TO THE LINK.

Lafayette Parish
Filed Mar 30, 2021 9:21 AM
Morgan Foreman
Deputy Clerk of Court
FAX Received Mar 25, 2021

C-20211237
A

**15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

NO.: 20211237                                                    DIVISION "C"

**ACADIANA OTOLARYNGOLOGY, HEAD AND NECK SURGERY, LLC**

**VERSUS**

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY**

FILED: _____           _____
                                                              **DEPUTY CLERK**

## UNOPPOSED MOTION FOR EXTENSION OF TIME

NOW INTO COURT comes Travelers Property Casualty Insurance Company ("Travelers"), which respectfully moves this Honorable Court for an extension of 30 days, until April 22, 2021, to respond to the Petition for Declaratory Judgment filed by Acadiana Otolaryngology, Head and Neck Surgery, LLC. This is the first extension requested and undersigned counsel certifies that he contacted opposing counsel and that opposing counsel has no opposition to the Motion.

Respectfully Submitted:

_Seth A Schmeeckle_

_____

**Seth A. Schmeeckle, La. Bar No. 27076**
**Nicole M. Babb, La. Bar No.**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990/Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
            nbabb@lawla.com
**Counsel for Travelers Property Casualty Insurance**
**Company**

1

15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

STATE OF LOUISIANA

NO.: 20211237                                                   DIVISION "C"

ACADIANA OTOLARYNGOLOGY, HEAD AND NECK SURGERY, LLC

VERSUS

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY

FILED: _____          _____
                                                    DEPUTY CLERK

### ORDER

Considering the foregoing Unopposed Motion for Extension of Time filed by Travelers Property Casualty Insurance Company ("Travelers");

IT IS ORDERED that Travelers Motion for Extension of Time is GRANTED, and that Travelers be and hereby is granted an additional 30 days, through April 22, 2021, to file responsive pleadings to the Petition for Declaratory Judgment filed by Acadiana Otolaryngology, Head and Neck Surgery, LLC.

Lafayette, Louisiana, this ____ day of March, 2021.

SIGNED IN LAFAYETTE, LOUISIANA ON 3/30/2021.

_____
JUDGE,
ANDRE' DOGUET, COMMISSIONER
15TH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA PARISH OF LAFAYETTE

I HEREBY CERTIFY THAT A CERTIFIED COPY OF THIS ORDER HAS BEEN MAILED/SERVED ON ALL PARTIES THIS March 30, 2021

_____
DEPUTY CLERK OF COURT

CC: SETH A SCHMEECKLE
    DOUGLAS A LEE II

3

Lafayette Parish
Filed Mar 30, 2021 9:21 AM
Morgan Foreman
Deputy Clerk of Court
FAX Received Mar 25, 2021

C-20211237
A

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2021, a copy of Travelers Unopposed Motion for Extension of Time has been served upon all counsel to this action by facsimile.

_Seth A Schmeeckle_

_____
Seth A. Schmeeckle



LAFPC.CV.62261540

Requested by Atty.: LEE, DOUGLAS A, II

# CITATION

| | |
|---|---|
| **ACADIANA OTOLARYNGOLOGY HEAD & NECK SURGERY LLC** | **FIFTEENTH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20211237 A** |
| **TRAVELERS PROPERTY CASUALTY INSURANCE CO** | **LAFAYETTE PARISH, LOUISIANA** |

---

**STATE OF LOUISIANA**

---

**TO:   TRAVELERS PROPERTY CASUALTY COMPANY**
        **THROUGH ITS REGISTERED AGENT:**
        **SECRETARY OF STATE**
        **8585 ARCHIVES AVENUE**
        **BATON ROUGE, LA 70809**

*SHERIFF RETURN*

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, LAFAYETTE, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this MARCH 11, 2021.

*I made service on the named party through the Office of the Secretary of State on*

MAR 2 3 2021

*by tendering a copy of this document to*
KATHY DARDEN

_____
**Deputy Clerk of Court**
**Lafayette Parish**

**\*Attached are the following documents:**
**PETITION FOR DECLARATORY JUDGMENT AND REQUEST FOR NOTICE**

KATHY DARDEN
C-2021-1237 A
Deputy Sheriff, Parish of East Baton Rouge

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____   TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE        MOVED ( )        NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____

RECEIVED
MAR 2 2 2021
E.B.R. SHERIFF'S OFFICE

Lafayette Parish Clerk of Court
Filed This Day

MAR 3 0 2021

_____
Deputy Clerk of Court